IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALE A. BOND,

        Plaintiff,

        vs.                           Case No. 12-02508-JTM

CAROLYN W. COLVIN, Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff Dale A. Bond applied for Social Security disability and supplemental security income benefits. His application was denied by Administrative Law Judge (ALJ) Raul Pardo on July 6, 2011, a decision affirmed by the Appeals Council on June 16, 2012. There are four allegations of error by Bond: first, that the ALJ failed to consider all of the evidence, including evidence from third parties; second, that the ALJ erred in adopting the opinion of Dr. Gerald Siemsen (M.D.); third, that the ALJ erred in failing to specify the weight given to medical opinions of Dr. Siemsen and the therapist Nancy Lawrence; and fourth, that the ALJ's decision is not supported by substantial evidence.

Plaintiff-claimant Bond was born on August 15, 1965. He has stated that he became disabled beginning December 14, 2009. As Bond was last insured for Social Security

purposes on December 31, 2006, he abandoned the claim for disability benefits at the hearing before the ALJ, and asserted instead only the claim for supplemental income that he was disabled at the time of his application in late 2009. Bond was formerly employed as a forklift mechanic and welder, and has an old gunshot wound in his right knee. He has cited a variety of ailments in addition to his injured knee, including low back pain and hepatitis B and C. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 12-19), and the brief of Bond (Dkt. 9, at 2-7), and set forth *seriatim* in the argument section of the Commissioner's response (Dkt. 16, at 4-13).

The ALJ concluded that Bond suffered from severe impairments in his injured knee, degenerative disc disease, but that his impairments were not the equivalent of a listed impairment under 20 C.F.R. part 404, subpart P, appendix 1. He found that Bond had the residual functional capacity to do sedentary work, although he should not bend, balance, kneel, crawl, crouch, or climb more than occasionally, should have the option to sit or stand, and should avoid dangerous machinery or heights.

The Commissioner determines whether an applicant is disabled pursuant to a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant has the initial burden of proof in the first three steps: she must show that she is engaged in substantial gainful activity, that she has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that she cannot return to her former work, the Commissioner has the burden of

showing that she can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

Bond's first allegation of error is that the ALJ erred in failing to explicitly cite the observations of a Social Security employee, identified in the medical record only as "D. Franco." In a brief Field Office Form SSA-3367 note, Franco states that he met Bond on January 11, 2010, that Bond appeared to have difficulty standing and walking, and that "he

walked with the aid of a cane." (Tr. 115). The court finds no error because the ALJ's ruling essentially agreed with Franco. That is, the cited note is wholly consistent with the ALJ's conclusion that Bond uses a cane and experiences some subjective pain while walking or standing. The ALJ agreed that Bond can "ambulate effectively with a single cane." (Tr. 14). The ALJ further noted that Bond "use[s] a cane to alleviate pain." *Id.* at 15. The ALJ explicitly noted other evidence (in the form of statements by Bond's father and daughter) indicating that Bond "walks with a cane" at a minium, and at a maximum "need[s] crutches or a wheelchair." *Id.* at 17. The ALJ summarized, and accepted, "the statements of the claimant, third parties, and the 2011 function capacity evaluation [which] have indicated that [Bond's] ability to stand or walk is substantially limited by his right knee impairment." (*Id.*) The court finds no error. The ALJ's decision synthesized the evidence in the case, and did not render a finding at variance with any evidence cited by plaintiff.

Next, Bond argues that the ALJ erred in adopting the opinion of Dr. Siemsen, because Dr. Siemsen adopted the opinion of Sara DiMarzio, who is not a medical professional. He suggests that Siemsen simply rubber-stamped DiMarzio's decision. Bond correctly notes that the opinion of DiMarzio, as a single decision maker (SDM), has no weight as a medical opinion. *Hunter v. Astrue*, No. 10–1058–JWL, 2011 WL 752115, at *5 (D.Kan. Feb. 24, 2011). But while that opinion may have no weight by itself, this does invalidate any medical source opinion which agrees with it. *Toon v. Astrue*, 2013 WL 172867, *4-5 (D.Kan. 2013). While the ALJ "may not rely upon the opinion of an SDM as a *medical opinion*," that opinion may constitute "*record evidence* suggesting certain limitations

4

in a claimant's physical capabilities." *Brown v. Astrue*, 2012 WL 3644848, *5 (D.Kan. 2012) (emphasis in *Brown*).

The court finds no error. DiMarzio's May 6, 2010 assessment goes beyond a simple check-the-box assessment, and includes a detailed narrative and review of Bond's medical history. (Tr. 310). Dr. Siemsen's assessment was not restricted to DiMarzio's assessment, but specifically states that is it is based on "all the evidence in the file." (Tr. 311). The ALJ acted consistently with Soc. Sec. R. 96–6p, 1996 WL 374180, at *2, which contemplates the use of agency consultant physicians in the assessment of a claimant's condition.

Next, Bond argues that the ALJ erred in his assessment of the evidence by failing to assign any specific weight to the opinion of license occupational therapist Nancy Lawrence (OTR/L) of the University of Kansas Hospital Comprehensive Spine Center. Lawrence examined Bond on March 29, 2011 in Kansas City, Kansas, and completed a Functional Capacity Evaluation (Tr. 378-79), which suggested that Bond should never stoop, reach, squat, but might occasionally reach, walk, or stand. Further, Bond argues that the ALJ erred in referencing a McGill Pain Questionnaire as indicative of symptom exaggeration, and did not address the February 26, 2009 report completed by Nurse Pam Casanova (R.N.). (Tr. 355).

While Nurse Lawrence is not an acceptable medical source, it is apparent from his opinion that the ALJ did consider her report and gave it partial weight. The ALJ explicitly reviewed Lawrence's assessment that "Mr. Bond demonstrates tolerances at less than a sedentary level," and found that it was generally consistent with the opinion of the agency

5

consultant Dr. Siemsen, who had determined that Bond was restricted to "less than the full range of sedentary activity." (Tr. 16). The opinion was given partial weight because the ALJ noted that the March 29, 2011 examination explicitly states that the testing was "significantly limited" due to complaints by Bond and concerns for his safety, and accurately notes that the documentation from the examination also includes the caveat: "Of consideration, [McGill Pain Questionnaire] scores above 30 tend to indicate exaggeration of symptoms." (Tr. 374). The ALJ appropriately determined that Laurence's assessment should be accorded only partial weight, determining "[t]he claimant's presentation at his examinations cannot entirely be relied upon for his best efforts." (Tr. 17).

Nurse Casanova of the El Dorado Correctional Facility examined Bond in 2009, and reported that Bond should be assigned the bottom bunk only, and should "use stairs in case of emergency only." (Tr. 355). She authorized the use of a cane and knee brace, and concluded that Bond should "only stand, walk for 60 min. at a time." (*Id.*) Further, he should not engage in crawl, stoop, run, walk or stand for "prolonged" periods, engage in "strenuous physical activity" for no more than five minutes at a time, and should not lift or handle more than ten pounds. (*Id.*)

The court finds no error in the failure to separately recite the findings of Nurse Casanova. First, the opinion from early 2009 precedes the revised onset date of disability and application for supplemental income benefits on December 14, 2009. (Tr. 10, 36). More importantly, the ALJ's ruling is wholly consistent with Casanova's suggested restrictions. The ALJ found that Bond's ability to stand or walk was substantially impaired, and that as

6

a result he was "limited to work that allows him to sit or change position as needed throughout the day." (Tr. 17).

However, the court cannot find that the ALJ's decision is supported by substantial evidence. In particular, the court concludes that the ALJ erred in failing to obtain additional medical records and thus did not adequately develop the record. Specifically, the ALJ failed to obtain or discuss the records from either Bond's orthopedic surgeon, Dr. Vincent Key (M.D.) or his pain management specialist, Dr. Edward Braun (M.D.)

The plaintiff has the burden of providing medical evidence proving disability, but the ALJ also has a duty to fully and fairly develop the record as to material issues. *Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479–80 (10th Cir.1993). The duty is particularly strong where the claimant is not represented by counsel. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir.1992). Where the claimant is represented by counsel, the ALJ may rely on counsel to identify issues requiring further development. *Wall v. Astrue*, 561 F.3d 1048, 1063 (10th Cir. 2009). *See also Widerholt v. Barnhart*, 121 Fed.Appx. 833, 838 (10th Cir. 2005) (rejecting claim for failure to develop record where "counsel did not seek to supplement the record or otherwise alert the ALJ that the record might be considered insufficient").

As the Commissioner notes, Bond was represented by counsel before the ALJ, and counsel did not present the records from Dr. Braun and Dr. Key directly to the court. (Dkt. 16, at 11). But this fails to address the independent duty of the ALJ to adequately develop the record. The ALJ has the power where necessary to subpoena relevant medical records.

20 C.F.R. § 416.1450(d). Although the Commissioner argues (*id*., at 10) that the absence of the records was "not the most significant credibility factor," it remains clear their absence played at least some role in the ALJ's decision, which mentions them immediately before the conclusion that "[i]n sum, [Bond]'s statements appeared riddled with inconsistency, exaggeration, *and omission*." (Tr. 16) (emphasis added).

Social Security "proceedings are inquisitorial rather than adversarial." and as a result the ALJ must "investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103 (2000). Here, the claimant explicitly referenced both Dr. Braun and Dr. Key in his statement of Recent Medical Treatment. (Tr. 214). The statement indicates that Bond saw both doctors in 2010, and states that he will "continue to see" both of them. (Tr. 214, 216). Similarly, the Mediations List submitted by Bond show medications prescribed by both Dr. Braun and Dr. Key. (Tr. 221). In sum, the court finds that the ALJ failed to adequately develop the record on an issue which played a mateial role in his decision, and that remand is accordingly required.

In addition to his argument relating to the development of the record, the plaintiff also argues that the ALJ erred because he did not explicitly reference Bond's need for a cane as a part of the RFC, and did not specify the time for the stand or sit option, contrary to SSR 96-9p, 1996 WL 374185 at *7. (Tr. 14-15). In light of its determination that remand is otherwise required, the court need not determine if either argument would independently support such relief. However, to assist the ultimate resolution of the action, the court finds that, on remand, the RFC should explicitly consider the claimant's use of cane, and that

8

vocational evidence must incorporate all the restrictions adopted by the ALJ.

In regard to the latter, the court notes that the ALJ determined that Bond should be able to stand or sit "as needed through out the day." (Tr. 17). The ALJ's hypothetical question to the vocational expert, on the other hand, included a "stand/sit option," but did not explicitly reference any requirement that this change in posture be allowed whenever needed. (Tr. 38). The expert responded that the refrenced jobs "could be done sitting or standing," but again without any indication as to the frequency of such changes. (Tr. 40). *See Buchheit v. Astrue*, 2012 WL 6159460, *4 n. 1 (D. Kan. 2012) (stand/sit "at will" restriction could comply with SSR 96-9p for unskilled jobs, where the restriction was explicitly included in the hypothetical question to the vocational expert).

The court finds that remand, rather than an award of benefits is appropriate, given the credibility assessment rendered by the ALJ, an assessment which was not separately challenged in Bond's appeal. (Tr. 16). Accordingly, the court hereby directs that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) reversing the Commissioner's decision, and remanding the case for further proceedings consistent with this opinion. *See Stidham v. Astrue*, 2010 WL 3862030, *1 (D.Kan. 2010) (applying sentence four remand where Commissioner failed in duty to develop record).

IT IS SO ORDERED this 25th day of September, 2013.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE